IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| The UNITED STATES of AMERICA and  The STATE OF ILLINOIS, *ex rel.*  DONALD HELFER, M.D. and  DONALD HELFER, M.D., Individually,  Plaintiffs,  vs.  ASSOCIATED ANESTHESIOLOGISTS OF SPRINGFIELD, LTD., an Illinois Corporation, CBIZ MEDICAL MANAGEMENT PROFESSIONALS, INC., an Ohio Corporation, and ANESTHESIA BUSINESS CONSULTANTS, LLC, a Michigan Limited Liability Corporation, MEMORIAL MEDICAL CENTER, an Illinois Not-For-Profit Corporation and MEMORIAL HEALTH SYSTEM, an Illinois Not-For-Profit Corporation,  Defendants. | No. 10-cv-03076-SEM |

**RESPONSE TO DEFENDANT ASSOCIATED ANESTHESIOLOGISTS
OF SPRINGFIELD LTD'S MOTION TO DISMISS COUNTS X AND XXI**

The False Claims Act prohibits termination of an employee for engaging in actions under the False Claims Act, investigating potential violations or taking steps to prevent violations. 41 U.S. C. §3730(h). In order to state a cause of action for retaliatory discharge for violation of this statute, a plaintiff must show (1) his actions were protected by the statute; (2) his employer had knowledge of his protected conduct; and (3) his discharge was motivated by the protected conduct. *Fanslow v. Chicago Manufacturing Center, Inc.,* 384 F.3d 469 (7th Cir. 2004). Defendant Associated Anesthesiologists of Springfield, Ltd. ('Defendant AAS") is requesting the Court dismiss the Retaliatory Discharge counts of Relator's Complaint (Counts X and XXI-A) because Relator did not allege in those counts that his actions were taken in furtherance of an False Claims Act/Illinois False Claims Act enforcement action and that Defendant AAS knew a

*qui tam* action was a distinct possibly as a result of his actions. Defendant AAS, however, is requesting the Court hold Relator to pleading elements that are no longer required by the statutory language of the False Claims Act.

> Prior to May 20, 2009, the False Claims Act provided:
>
> (h) Any employee who is discharged, demoted, suspended, threatened, harassed, or in any other manner discriminated against in the terms and conditions of employment by his or her employer because of lawful acts done by the employee on behalf of the employee or others in furtherance of an action under this section, including investigation for, initiation of, testimony for, or assistance in an action filed or to be filed under this section, shall be entitled to all relief necessary to make the employee whole. Such relief shall include reinstatement with the same seniority status such employee would have had but for the discrimination, 2 times the amount of back pay, interest on the back pay, and compensation for any special damages sustained as a result of the discrimination, including litigation costs and reasonable attorneys' fees. An employee may bring an action in the appropriate district court of the United States for the relief provide in this subsection.

31 U.S.C. §3730(h)(1986). As asserted by Defendant AAS in its request for dismissal, this statute was interpreted by the Seventh Circuit that there must be such conduct done in furtherance of a *qui tam* action or conduct which put the employer on notice that the employee believed the employer was violating the False Claims Act and that a *qui tam* action was a distinct possibility. *Brandon v. Anesthesia & Pain Management Associates, Ltd., et al.*, 277 F.3d 936 (7th Cir. 2002).

In May 2009, however, statutory revisions to §3730(h) expanded the types of conduct "protected" under §3730(h) to include efforts to stop violations of the False Claims Act. 31 U.S.C. §3730(h); *Halasa v. ITT Educational Services, Inc.*, 690 F.3d 844, 847-848 (7th Cir. 2012). On May 20, 2009, Public Law 111-21 revised §3730(h) to provide:

> (h) Relief From Retaliatory Actions.—
>
> (1) In general.-- Any employee, contractor, or agent shall be entitled to all relief necessary to make that employee, contractor, or agent whole, if that employee,

contractor, or agent is discharged, demoted, suspended, threatened, harassed, or in any other manner discriminated against in the terms and conditions of employment because of lawful acts done by the employee, contractor, or agent on behalf of the employee, contractor, or agent or associated others in furtherance of other efforts to stop 1 or more violations of this subchapter.

(2) Relief.-- Relief under paragraph (1) shall include reinstatement with the same seniority status that employee, contractor, or agent would have had but for the discrimination, 2 times the amount of back pay, interest on the back pay, and compensation for any special damages sustained as a result of the discrimination, including litigation costs and reasonable attorneys' fees. An action under this subsection may be brought in the appropriate district court of the United States for the relief provided in this subsection.

Public Law 111-21, 123 Stat. 1624; 31 U.S.C. §3730(h)(2009).[1] Further amendments made through Public Law 111-203, enacted on July 21, 2010, and effective on July 22, 2010, resulted in the current provisions of §3730(h) providing for protection for (1) actions taken in furtherance of the False Claims Act and (2) efforts to stop violations of the False Claims Act:

(h) Relief from retaliatory actions.

(1) In general. Any employee, contractor, or agent shall be entitled to all relief necessary to make that employee, contractor, or agent whole, if that employee, contractor, or agent is discharged, demoted, suspended, threatened, harassed, or in any other manner discriminated against in the terms and conditions of employment because of lawful acts done by the employee, contractor, agent or associated others in furtherance of an action under this section or other efforts to stop 1 or more violations of this subchapter.

(2) Relief. Relief under paragraph (1) shall include reinstatement with the same seniority status that employee, contractor, or agent would have had but for the discrimination, 2 times the amount of back pay, interest on the back pay, and compensation for any special damages sustained as a result of the discrimination, including litigation costs and reasonable attorneys' fees. An action under this subsection may be brought in the appropriate district court of the United States for the relief provided in this subsection.

---

[1] The May 20, 2009, amendments became effective on enactment and were applicable to conduct on or after the date of enactment. Public Law 111-21, 123 Stat. 1624, Sec. 4(f). The May 20, 2009, amendments are applicable in this matter as Relator's protected activity occurred in June 2009 (See Amended Complaint, ¶684-687 and Exhibit D), Relator was terminated by Defendant AAS on July 2, 2009, and Relator's Complaint was filed on March 30, 2010.

> (3) Limitation on bringing civil action. A civil action under this subsection may not be brought more than 3 years after the date when the retaliation occurred.

*See* Public Law 111-203, 124 Stat. 2079; 31 U.S.C. §3730(h)(2014).

"Efforts to stop violations" specifically include reporting suspected misconduct by the employer in regard to submissions to the government for purposes of obtaining government funds requesting payment. *Halasa*, 848.   For example, in the matter of *Halasa v. ITT Educational Services, Inc.*, 690 F.3d 844, 847-848 (7th Cir. 2012), a former director of an ITT Technical Institute ("ITT") campus filed a complaint for retaliatory discharge against ITT for allegedly terminating him after discovering irregularities in handling ITT's federally subsidized student loans and grants. The Seventh Circuit found that in order for the former director to prove retaliatory discharge under §3730(h), he must show that his conduct was protected by the False Claims Act and that he was fired for that conduct. While finding that the former director did not show his firing was actually prompted by his engaging in protected conduct rather than other job performance reasons, the Seventh Circuit did find that he had in fact engaged in protected conduct, stating:

> Section 3730(h)(1) protects two categories of conduct. The statute has long prevented employers from terminating employment for conduct that is "in furtherance of an action under this section." In *Brandon*, we explained that this language reached conduct that put an employer "on notice of potential [False Claims Act] litigation." 277 F.3d at 945. In 2009, Congress amended the statute to protect employees from being fired for undertaking "other efforts to stop" violations of the Act, such as reporting suspected misconduct to internal supervisors. For the purposes of this appeal, we proceed on the assumption that Halasa's conduct falls within the scope of the statute's amended language. As we noted above, recruiters at the Lathrop Campus were allegedly compensated on the basis of their recruitment success in violation of 20 U.S.C. § 1094(a)(20), a requirement that was specifically incorporated into ITT's PPA. See *id*. at § 1094(a)q. Furthermore, some prospective students were allegedly receiving inappropriate assistance on placement exams (so-called "ability to benefit" exams) or had their scores altered *post hoc* so that they could qualify to receive financial aid. See *id*. at § 1091(d)(1). Halasa investigated these claims and reported his

>findings to Ortega, Hemphill, and Carpentier, presumably to ensure that ITT ended these practices and to prevent ITT from making any false certifications to the U.S. Department of Education in connection with its PPA. We are satisfied that Halasa's evidence would permit a trier of fact to find that he engaged in "efforts to stop" potential FCA violations.

*Halasa*, 847-848. District Courts within the Seventh Circuit are following suit, finding that "efforts to stop" potential FCA violations include investigating whether billing is being done in violation of government program regulations and notifying superiors of any non-compliance. See *Russo v. Broncor, Inc., et al.*, 2013 U.S. Dist. LEXIS 184978 (S.D. Ill. 2013)(plaintiff engaged in "efforts to stop" FCA violations when she investigated whether defendants were billing in violation of Medicare regulations and relayed information to superiors in an attempt to stop the practice).

In order to survive scrutiny under Fed.R.Civ.P. 12 (b)(6), Relator's cause of action must be set forth his cause of action in a way that notifies Defendant AAS of his claim and the basis for his claim. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). Counts X and XXI-A of Relator's Amended Complaint allege:

- Relator investigated Defendant AAS' billing procedure for epidural anesthesia claims/"medically directed" claims by locating regulations for the same on the internet website of the Centers of Medicare and Medicaid Services (CMS), calling the CMS Help-Line, e-mailing questions to CMS and receiving e-mail answers from CMS and through this investigation found that Defendant AAS' billing was not in compliance with regulations (§346, 352-353, 678, 684-685);

- He informed his superiors at Defendant AAS of his investigation and findings on numerous occasions, provided them documentation on his findings as well as his e-mails with CMS and received e-mails between his superiors and Defendant

5

       Anesthesia Business Consultants regarding the billing situation and Relator's e-mail to Medicare (¶347-351, 354-355, 679-683, 685-687); and

- He was terminated by Defendant AAS on July 2, 2009, for this activity, being specifically told by Dr. Peter Martin that he should not have talked to Medicare (¶356-360, 688-692).

These allegations clearly show that (1) Relator engaged in protected activity by investigating Defendant AAS' billing practices in regard to epidural anesthesia and "medically directed services; (2) Relator informed his superiors at Defendant AAS of his investigation and provided them information indicating their billing was not in compliance with applicable regulations; and (3) Relator was terminated for these actions. Relator has set forth a cause of action for Retaliatory Discharge under both the Federal False Claims Act and Illinois False Claims Act, and Counts X and XXI-A should not be dismissed under Rule 12(b)(6).

## CONCLUSION

     Defendant AAS seems to think that "False Claims Act" or "qui tam" are magic words that must have been said in order for liability to arise under the retaliatory discharge provisions of the False Claims Act and Illinois False Claims Act. The Seventh Circuit has specifically rejected such an assertion, finding that an employee does not even have to be aware of the False Claims Act for actions to be considered protected activity. *Fanslow*, 479. In the instant matter, Relator did not say the words "False Claims Act" or "qui tam" to his superiors. He did, however, tell them that Defendant AAS' billing was not in compliance with Medicare and Medicaid billing regulations and provided them with documentation from CMS showing Defendant AAS' billing was fraudulent. In response, he was terminated. Counts X and XXI-A clearly outline the facts necessary to state a cause of action for Defendant AAS' retaliatory discharge of Relator and those counts should not be dismissed.

WHEREFORE, Relator, Donald Helfer, M.D., respectfully requests the Court deny Defendant Associated Anesthesiologists of Springfield, Ltd.'s Motion to Dismiss Counts X and XXI.

RONALD E. OSMAN & ASSOCIATES, LTD.

By:  /s/ Ronald E. Osman
       Counsel for Relator

Ronald E. Osman #3123542
Ronald E. Osman & Associates, Ltd.
1602 W. Kimmel/P.O. Box 939
Marion, IL  62959  (618) 997-5151
Facsimile (618) 997-4983
E-mail:  rosman@marion.quitamlaw.com


G. Patrick Murphy, #1994484
Murphy & Murphy, LLC
3415 Office Park Drive, Ste D.
Marion, IL  62959
Phone:  (618_ 248-3236
E-mail:  gpatrick@murphymurphyllc.com

**CERTIFICATE OF SERVICE**

I hereby certify that on March 17, 2014, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System which will send notification of such filing to the following:

| | |
|---|---|
| Eric Long | David J. Stetler |
| Gary E. Green | Henry M. Baskerville |
| J. Timothy Eaton | Joshua T. Buchman |
| Paul R. Brown | Peter Timothy Senechalle |
| Richard H. Narup | Russell A. Kolsrud |
| Michael P. Sheehan | Roger J. Kiley |
| Jack J. Hagerty | |

8

and I hereby certify that on March 17, 2014, I mailed by United States Postal Service, the document to the following:

    None

                              RONALD E. OSMAN & ASSOCIATES, LTD.

                              By:  /s/ Ronald E. Osman
                                      Counsel for Relator